IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY ALLEN McCLELLAN, AIS # 277145, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:26-CV-675-WKW-JTA [WO] |
| JOE PRYOR and LT. LOVEJOY, | ) | |
| Defendants. | ) | |

**ORDER**

On August 21, 2026,[1] Plaintiff Jeffery Allen McClellan, an inmate in the custody of the Alabama Department of Corrections (ADOC), filed a *pro se* 42 U.S.C. § 1983 complaint. (Doc. # 1.) Normally, Plaintiff would be unable to proceed with this action because he is a "three-striker" under 28 U.S.C. § 1915(g)—that is, he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915(g).

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Plaintiff signed and dated his § 1983 complaint "8-21-26." (Doc. # 1 at 4.) Therefore, the complaint is deemed filed on August 21, 2026, even though it was not received by the court and docketed until August 27, 2026.

Plaintiff's litigation history establishes that he has accumulated at least three strikes under § 1915(g).[2] *See, e.g.*, *McClellan v. State of Alabama*, No. 2:11-cv-466-MEF-CSC (M.D. Ala. docketed June 15, 2011) (complaint dismissed August 5, 2011, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)); *McClellan v. Hood, et al.*, No. 2:11-cv-1007-TMH-CSC (M.D. Ala. docketed Nov. 28, 2011) (appeal dismissed as frivolous); and *McClellan v. Hudson*, No. 2:17-cv-31-WKW-SRW (M.D. Ala. docketed Jan. 13, 2017) (complaint dismissed March 24, 2017, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). Additionally, Plaintiff has had at least one civil action dismissed as barred by § 1915(g)'s three-strikes provision. *See McClellan v. Baldwin*, No. 2:20-cv-449-ECM-JTA (M.D. Ala. docketed June 29, 2020) (dismissed August 24, 2020, pursuant to § 1915(g)).

[2] Courts regularly take judicial notice of a prisoner's litigation history in federal courts when determining whether the prisoner has accrued three strikes under § 1915(g). *See, e.g.*, *Lloyd v. Benton*, 686 F.3d 1225, 1226 (11th Cir. 2012) (noting the district court took "judicial notice of [the prisoner's] status as a 'three strikes' litigant under the PLRA"); *Lee v. Fla. Dep't of Corr.*, 2025 WL 1113423, at *1 & n.1 (S.D. Fla. Apr. 15, 2025) (taking judicial notice of the prisoner's prior federal lawsuits to dismiss the action under the "three-strikes" rule); *Burton v. Walker*, 2025 WL 241115, at *2 (M.D. Ala. Jan. 17, 2025) (taking judicial notice of its own records to evaluate the prisoner's three-strikes status under § 1915(g)); *see also United States v. Glover*, 179 F.3d 1300, 1303 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts." (citation and internal quotations marks omitted)). Moreover, the final dispositions of a prisoner's prior federal lawsuits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The provided list of Plaintiff's "strikes" may not be exhaustive.

Plaintiff has submitted two applications for leave to proceed *in forma pauperis*.[3] (Docs. # 2, 5.) However, a prisoner with three strikes cannot proceed *in forma pauperis* and must pay the filing and administrative fees upon the initiation of a lawsuit "unless the prisoner is under imminent danger of serious physical injury" at the time he filed his complaint. § 1915(g) (emphasis added); *see also Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) ("To satisfy [§ 1915(g)'s] exception, the prisoner must show he is in imminent danger 'at the time he seeks to file his suit in district court . . . .'" (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999))). In his complaint, Plaintiff, who is incarcerated at Easterling Correctional Facility, alleges that he was sexually assaulted on May 4, 2026, then placed in segregation on May 7, 2026. (Doc. # 1 at 3.) Thereafter, on July 6, 2026, Plaintiff was forced back into general population with the individual who had sexually assaulted him. (*Id.*) Plaintiff contends that, when he tried to explain he had been sexually assaulted, Defendants allegedly threatened him, saying that, if he filed another grievance, they "would make [him] regret [he] ever came to Alabama prison and [his] family would never see [him] again." (*Id.*)

[3] Plaintiff's initial *in forma pauperis* application was not signed. (*See* Doc. # 2 at 2.) On August 27, 2026, the Clerk of Court issued a Notice of Deficiency, directing Plaintiff to file a signed *in forma pauperis* application within 14 days of the Notice's date. (Doc. # 4.) In compliance with the Notice of Deficiency, Plaintiff submitted a signed *in forma pauperis* application. (Doc. # 5.)

Based upon careful consideration, it is ORDERED that this case is REFERRED to the Honorable Jerusha T. Adams, United States Magistrate Judge, for a determination of whether Plaintiff was "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g); *Daker*, 999 F.3d at 1310–11.

DONE this 9th day of September, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE